**Henry TOVAR et al., Petitioners,**

v.

**AMARILLO OIL COMPANY et al., Respondents.**

**No. C–4001.**

Supreme Court of Texas.

June 26, 1985.

Rehearing Denied July 17, 1985.

Chambers and Sturgeon, Ben L. Sturgeon and Mark L. Mosley, Amarillo, for petitioners.

Stokes and Fields, Gary W. Barnard, and Gibson, Ochsner and Adkins, Mac W. Hancock III, Amarillo, for respondents.

PER CURIAM.

This is a personal injury case arising from an oil field accident. The trial court, pursuant to a jury verdict, awarded Henry Tovar $320,324.81. The court of appeals, in an unpublished opinion, reversed and rendered judgment that plaintiff take-nothing. Pursuant to Tex.R.Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and remand the cause back to that court for consideration of points not therein addressed.

Henry Tovar was employed by Moran Brothers, Inc., a drilling company. Amarillo Oil Company hired Moran Brothers to drill a well on its lease. The drilling contract between Amarillo Oil and Moran Brothers specifically provided for a blowout preventer. The bid sheet and drilling order specified that the kill line should not be used for a fill line on the blowout preventer. Moran Brothers used the kill line for a fill line, and Amarillo Oil was aware of that deviation. The Amarillo Oil on-site representative had suggested to his superiors the possibility of shutting down operations because of the blowout preventer design. Under the drilling contract, Amarillo Oil had the right to take possession of the well and discontinue drilling in the event of carelessness, inattention, or incompetency on the part of Moran Brothers. Tovar suffered severe injury to his chest, ribs, shoulders, legs and back when pressure which had built up in the hole because of the blowout preventer design caused the bit breaker and drilling mud to spew out of the mouth of the well.

The jury found that Amarillo Oil was negligent in failing to order Moran Brothers to shut down the drilling rig, and that such negligence was a proximate cause of Tovar's injuries. The court of appeals held that Amarillo Oil did not owe Tovar a duty as a matter of law.

In *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex.1985) we adopted the Restatement (Second) of Torts § 414 (1977) which provides:

One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

We held that when the general contractor exercises some control over a subcontractor's work, the general contractor may be liable for failure to exercise reasonable care in supervising the subcontractor's activity. The court of appeals decision conflicts with *Redinger*.

Accordingly, we reverse the judgment of the court of appeals and remand the cause to that court for consideration of points not previously addressed by them.