Lera HERNANDEZ, Petitioner,

v.

The KROGER COMPANY, Respondent.

No. C–5253.

Supreme Court of Texas.

May 21, 1986.
Rehearing Denied July 2, 1986.

Timothy H. Pletcher, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, for petitioner.

L. Keith Slade, Weitinger, Steelhammer & Tucker, Houston, for respondent.

PER CURIAM.

This is a personal injury case arising from a slip and fall accident. The question before us is whether the trial court erred in the manner in which he submitted the case to the jury. The court of appeals held that the submission was proper and affirmed the trial court's judgment. 706 S.W.2d 335. Without hearing oral argument, we reverse the judgments of the court of appeals and the trial court and remand the cause for a new trial. TEX.R.CIV.P. 483.

Hernandez was injured when she fell in the foyer of a Kroger's grocery store. This foyer was the only entrance into and out of the store. Kroger had an established store policy to place floor rugs in the foyer to absorb any moisture or debris that may be tracked into the store. At the time of this accident, there were no rugs on the floor. At the close of trial, the trial court refused to submit the jury issues requested by Hernandez and instead submitted the following:

### SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that there was a slippery substance on the floor of the Kroger Store at the time and place where Lera Hernandez fell?
ANSWER: We do.

### SPECIAL ISSUE NO. 2:

Do you find from a preponderance of the evidence that the Kroger Store, through its employees, placed a slippery substance on the floor of the store at the place where Lera Hernandez fell?
ANSWER: We do not.

### SPECIAL ISSUE NO. 3:

Do you find from a preponderance of the evidence that on the occasion in question the Kroger Store, acting by and through its employees, was negligent with respect to any of the following:

. . . . .

A. In *placing* a slippery substance on the floor if they did.
B. In failing to discover and remove the slippery substance from the floor, if they did.

In *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex.1983), this court held that the essential elements of a slip and fall case are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

The issues requested by Hernandez were in substantially the same form as the essential elements outlined in *Corbin.* Furthermore, there is some evidence to support the submission of these issues. The Kroger Company chose to maintain its store with limited ingress and egress. The store policy of placing floor rugs in the foyer indicates that Kroger was aware that moisture or debris could or would be tracked into the store. The jury could have inferred that moisture and debris being tracked into the foyer could constitute an unreasonable risk of harm. In *Corbin,* we said:

An occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premise condition, not on whether a specific set of facts or a specific breach of duty is established.

*Corbin* at 295.

We hold that the issues requested by Hernandez were proper and that the trial court erred in not submitting the case to the jury upon these issues. Because the court of appeals affirmance of this action is contrary to our holding in *Corbin v. Safeway Stores, Inc.,* we grant petitioner's application for writ of error and, without

hearing oral argument, reverse the judgments of the court of appeals and the trial court and remand this case for a new trial.