**PHYSICIANS AND SURGEONS GENERAL HOSPITAL, Appellant,**

**v.**

**George KOBLIZEK and Dorothy Koblizek, Appellees.**

No. 13–87–165–CV.

Court of Appeals of Texas, Corpus Christi.

May 26, 1988.

Rehearing Denied June 30, 1988.

Frank E. Weathered, Brin & Brin, P.C., Corpus Christi, for appellant.

William H. Berry, Jr., Gail Dorn, Corpus Christi, for appellees.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a jury verdict in favor of the appellees, Dorothy and George Koblizek. Dorothy Koblizek alleged that, while at appellant hospital, she slipped and fell at a point where two different floor surfaces met. The case was submitted to the jury on a general negligence charge, and the jury awarded appellee damages. The trial court entered judgment in favor of the Koblizeks for $151,887.30. On appeal, the hospital raises points concerning the correctness of the submission of the trial court's charge to the jury and the sufficiency of the evidence to support the verdict. We reverse and render.

A brief summary of the conflicting and inconsistent evidence surrounding Dorothy Koblizek's fall is necessary to appreciate the context in which the requested issues, instructions and objections to the court's charge were presented prior to the submission of the case to the jury.

The evidence reveals that Dorothy Koblizek suffered from diabetes at the time of her fall at the hospital. She also suffered from a related condition called "drop foot," which caused her to lose feeling in her feet. She fell in a commonly used area of the hospital. There was disputed evidence of exactly how and where she fell. George Koblizek, Dorothy's husband, testified that he went back to the hospital after his wife's fall and discovered the point where the different floor surfaces met. He thought that was where the accident happened. Appellee Dorothy Koblizek testified that she tripped and fell backward, injuring her hip. She did not see what she fell on. She did not testify at trial that her leg was numb before the fall. She consistently claimed that she tripped on something. James Flanagan, an expert engineer hired by the Koblizeks, testified that he examined the area where the floor surfaces came together and determined that the coefficients of friction were different between the asphalt and terrazzo surfaces. The difference in the surfaces was about one-sixteenth of an inch. He believed this created a dangerous condition and that appellee could have fallen as a result of the differing surfaces.

Robert Trevino, a maintenance foreman at the hospital, testified that he saw appellee fall. He testified that she did not fall at the point where the floor surfaces met. Margit Alaniz, another hospital employee, testified that she also saw Dorothy fall. She checked the floors and determined that they were dry at the time of the fall, and that there was nothing wrong with the floor surface. She had worked at the hospital for twenty years and knew of no problems with the differing floor surfaces. She believed appellee tripped on her cane, but appellee and her husband denied that she used a cane on the day of the accident. Judith Stuckey, a registered nurse at the hospital, testified that appellee told her after the accident that her leg had gone numb. She did not see anything on the floor which could have caused the accident.

The hospital's first five points of error concern whether the trial court erred in submitting this slip and fall case to the jury based upon general negligence principles rather than the method of submission set forth in *Hernandez v. Kroger Co.*, 711 S.W.2d 3 (Tex.1986), and *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983). The hospital claims the trial court failed to submit to the jury the issues of whether the condition of the floor presented an unreasonable risk of harm and whether the hospital knew or should have known of the risk. The hospital argues that these were essential elements of appellees' case. The Koblizeks argue that the trial court correctly submitted the charge to the jury, claiming that *Corbin* and *Hernandez* are not on point because those cases involve dangers resulting from transitional foreign substances, while the instant case involved a static, created condition.

A possessor of land is subject to liability for physical harm occurring on the land if he: (1) knows or by the exercise of reasonable care should discover the dangerous condition, and should realize that it involves an unreasonable risk of harm to invitees, and (2) should expect that the invi-

tees will not discover or realize the danger, or will fail to protect themselves against it, and (3) fails to exercise reasonable care to protect the invitees against the danger. *Corbin*, 648 S.W.2d at 295. As an invitee, a plaintiff must prove:

1) the possessor had actual or constructive knowledge of some condition on the premises;
2) the condition posed an unreasonable risk of harm to invitees;
3) the possessor failed to exercise reasonable care to reduce or eliminate the risk; and
4) the possessor's failure to use such care proximately caused the injuries.

*Id.* at 296. The Supreme Court reaffirmed the *Corbin* elements of a slip and fall case in *Hernandez v. Kroger Co.*, 711 S.W.2d at 4.

Here, the Court submitted special issues to the jury which inquired whether it was negligent for appellant to allow there to be different surface levels between the waxed asphalt tile and terrazzo tile surfaces separating the bathroom hallway and lobby area and whether such negligence was the proximate cause of the occurrence. Appellant objected to the court's submission of these issues and requested additional issues and instructions to be submitted to the jury. The first requested issue inquired:

Do you find from a preponderance of the evidence that on the occasion in question the hospital floor presented an unreasonable risk of harm?

This issue was accompanied by the following instruction:

You are instructed that a condition presenting an unreasonable risk of harm is one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen that it or some similar event would be likely to occur.

The second requested issue, predicated upon an affirmative finding to the above requested issue, was as follows:

Do you find from a preponderance of the evidence that on the occasion in question Physicians and Surgeons Hospital knew

or by the exercise of ordinary care should have discovered that the hospital floor presented an unreasonable risk of harm.

The Koblizeks argue that the recent premises liability cases involving construction sites have been submitted on general negligence principles without regard to a special finding of unreasonable risk of harm. They cite the cases of *Tovar v. Amarillo Oil Co.*, 692 S.W.2d 469 (Tex. 1985) and *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex.1985), as support. Both of these cases are inapposite. First, *Tovar* involved a personal injury arising from an oil field accident. The court held that when a general contractor exercises some control over a subcontractor's work, a general contractor may be liable for failing to exercise reasonable care in supervising the subcontractor's activity. *Id.* at 470. *Tovar* clearly involved control of an *activity* on the possessor's premises, rather than a *defect* on the possessor's premises, whether static or transitory. Likewise, *Redinger* involved an on-premises activity, rather than a defect. The Supreme Court, in its opinion, specifically states that *Redinger* was not a premises defect case. *Id.* at 417. It is clear that cases involving liability for on premises activities are properly charged as typical negligence cases. *See* 3 State Bar of Texas, Texas Pattern Jury Charges PJC 61.02 (1973) (Caveat).

Appellee also cites *Exxon Corp. v. Quinn*, 726 S.W.2d 17 (Tex.1987), as authority for general submission of premises cases. *Quinn* is not authority for a general submission of a premises case nor does *Quinn* indicate the proper method of submission of a premises defect case. Additionally, we note with respect to the premises liability theory presented in *Quinn*, that the jury there found Exxon negligent in *failing to provide a safe place to work* and found that such negligence was a proximate cause of Quinn's injuries. In the instant case, no issue was presented to the jury by appellees with respect to the essential question of the safety or unreasonably dangerous condition of the premises.

The essential elements of appellees' cause of action in this case were: that the hospital had actual or constructive knowledge of some condition in the premises which posed an unreasonable risk of harm to the invitees; and that the hospital failed to exercise reasonable care to reduce or eliminate the risk and the failure to use such care was the proximate cause of the plaintiff's injuries. The appellees' petition alleged these elements.

It is the trial court's duty to submit a charge containing the controlling issues raised by the pleadings and the evidence. Tex.R.Civ.P. 279. A party objecting to a charge must point out distinctly the matter to which he objects and grounds for objection. Tex.R.Civ.P. 274. Objection to the failure to submit an issue is sufficient if the issue is one relied upon by the opposing party. Tex.R.Civ.P. 279. However, a complaint concerning an instruction, issue, definition, or explanatory instruction is waived unless specifically included in the objections. Tex.R.Civ.P. 274.

■ The Texas Pattern Jury Charge, § 61.02 suggests the issues to be submitted in a slip and fall case as follows:

1. On the occasion in question was there a banana peel on the floor of Davis's premises?
2. Did Davis know, or in the exercise of ordinary care should he have known, that the banana peel was on the floor?
3. Was Davis's failure to remove the banana peel negligence?
4. Was that negligence a proximate cause of the occurrence in question?

The supplement to the Pattern Jury Charge, § 61.02, written after the rendition of *Corbin*, suggests an alternative question to question one, as follows:

On the occasion in question was there a condition on Davis's premises that presented an unreasonable risk of harm to Payne?

Even though the appellees' pleadings relied upon and alleged the elements of a premises defect case as prescribed in *Corbin* and alleged that the floor conditions constituted a dangerous condition or unreasonable risk of harm, the charge, as submitted in this case, did not ask the jury whether the hospital, in the exercise of ordinary care, knew or should have known of the condition of the floor or whether the condition presented an unreasonable risk of harm. We view these as essential elements of the Koblizeks' case which were not passed upon by the jury. The record reflects that the hospital clearly objected and pointed out the defects in the charge and even tendered issues to the court, which it was not required to do because these omissions were part of the Koblizeks' cause of action.

■ The trial court was not authorized to find on its own that the answers found by the jury created an unreasonable risk of harm. That was a disputed and essential factual issue which was never requested by appellees or presented to the jury. The trial court was prevented from making a finding on the omitted issue and such circumstances require that judgment be rendered for appellant. *Cameron County v. Velasquez*, 668 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Appellant's first, third, fourth, and fifth points of error are sustained.

Appellant also claims that the instruction tendered by appellant defining "unreasonable risk of harm" was not submitted in substantially correct form. The requested instruction was:

You are instructed that a condition presenting an unreasonable risk of harm is one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen that it or some similar event would be likely to occur.

We approved a similar instruction in *Marshbank v. Austin Bridge Co.*, 669 S.W.2d 129, 135 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). However, we are not disposed to find that the definition of unreasonable risk is necessarily required. Here, the real complaint was the failure to submit essential issues, and since the issue relating to whether or not the condition of the premises was unreasonable or unsafe was not before the jury; therefore, the instruction would have served no purpose. Appellant's second point of error is overruled.

The hospital argues in its sixth through eleventh points of error that the evidence is factually insufficient to support the jury's answers to the special issues concerning negligence and causation. Appellant also argues that the jury's answer that appellee did not keep a proper lookout for her own safety was against the great weight and preponderance of the evidence. We will not address these issues because they are not dispositive of this appeal.

■ Appellee raises by cross point the trial court's failure to strike juror Zeke Serna for cause. In order to preserve error in failing to strike a juror for cause, the complaining party must advise the trial court of two things: (1) that the party would exhaust its peremptory challenges; and (2) that after exercising the peremptory challenges, specific objectionable jurors would remain on the jury list. *Hallett v. Houston Northwest Medical Center*, 689 S.W.2d 888, 890 (Tex.1985). Absent notice of these two things, a party waives any error committed by the court in its refusal to discharge jurors challenged for cause. *Id.* Appellee did not preserve error. Her cross-point is overruled.

The judgment of the trial court in favor of appellees is REVERSED and RENDERED that appellees take nothing by their suit.