**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,**

v.

**Kenneth Herschel PAYNE and Rhonda Payne, Appellees.**

**No. 01–88–00875–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 7, 1989.

Rehearing Denied Dec. 15, 1989.

Jim Mattox, Atty. Gen., Mary F. Keller, First Asst. Atty. Gen., Lou McCreary, Executive Asst. Atty. Gen., Richard D. Naylor, Asst. Atty. Gen. Chief, Highway Div., Randy Hill, Asst. Atty. Gen., Highway Div., Austin, for appellant.

John L. Pierce, II, Navasota, Samuel J. Lee, II, Angleton, for appellees.

Before WARREN, COHEN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

In November 1984, Mr. Payne suffered knee injuries after he fell into a culvert built and maintained by the State Department of Highways and Public Transporta-

tion ("the State"). The culvert was concealed by vegetation, and reflectors marking its location had been removed or obscured. Payne alleged the State failed to correct the dangerous condition or warn of its location. He sued pursuant to the Texas Torts Claims Act, formerly Tex.Rev.Civ. Stat. Art. 6252-19, sec. 18(b); hereinafter Tex.Civ.Prac. & Rem.Code Ann. sec. 101.-022 (Vernon 1986),[1] and won a judgment of $148,800.

In the first point of error, the State contends the trial court should have submitted the following special issue: "Do you find ... that there existed at the culvert ... a dangerous condition that created an unreasonable risk of harm to a person exercising ordinary care?"

The broad form jury charge consisted of only two questions about liability. The first asked: "Did the negligence, if any, of the below named parties proximately cause the occurrence in question?" The jury answered "yes" as to both plaintiff and defendant. In question two, the jury found the State's negligence was 60% responsible and Payne's negligence was 40% responsible for the accident. The charge also included the following definitions and instructions:

> "GOVERNMENTAL LIABILITY": A governmental unit in the state is liable for personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.
> "DUTY OWED: SPECIAL DEFECT": Where there is a special defect such as an excavation or obstruction on or adjacent to a highway, road, or street or where there is the absence or malfunction of a traffic sign, signal or warning device that is required by law, the governmental unit owes to the plaintiff a duty to warn of such special defect.
> The duty owed is a duty to use ordinary care to either warn of a *dangerous condition* or to make such *dangerous condi-*

*tion* reasonably safe, provided the governmental unit had knowledge of the *dangerous condition,* or through the exercise of ordinary care, should have had knowledge of the *dangerous condition.*
> "DANGEROUS CONDITION" means a condition other than normally connected with the use of the roadway, excavation or obstruction, and a person using ordinary care could not encounter such condition with safety.
> "NEGLIGENCE" means failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

(Emphasis supplied.)

The State relies solely on *Physicians & Surgeons General Hospital v. Koblizek,* 752 S.W.2d 657, 659 (Tex.App.—Corpus Christi 1988, writ pending), a slip and fall case involving flooring materials in a hospital. The court held the trial judge should have allowed the defendant's special issues on 1) whether the flooring presented an unreasonable risk of harm, and 2) whether the hospital "knew or by the exercise of ordinary care should have discovered ... [the] unreasonable risk of harm." *Id.* The special issues submitted in *Koblizek* inquired whether "it was negligent for appellant to allow there to be different surface levels between the waxed asphalt tile and terrazzo tile surfaces separating the bathroom hallway and lobby area and whether such negligence was the proximate cause of the occurrence." *Id.* The court did not discuss any instructions or definitions submitted to the jury with these special issues.

■ The special issues submitted here resemble those in *Koblizek;* however, the trial judge gave extensive definitions along with the broad form issues to guide the jury's discretion. The instructions told the jury that the State had the duty to warn of a dangerous condition, defined as a condi-

---

**1.** The Torts Claims Act was codified, effective September 1, 1985, as Tex.Civ.Prac. & Rem.Code Ann. ch. 101 (Vernon 1986).

tion that a "person using ordinary care could not encounter ... with safety." We perceive no important difference between a condition that a "person using ordinary care could not encounter ... with safety" and one posing an "unreasonable risk of harm to a person exercising ordinary care," the language requested by appellant. The definitions gave the State adequate protection by requiring the jury to find that a dangerous condition existed in order to find negligence.

■ Rule 277 of the Texas Rules of Civil Procedure requires trial courts to submit broad form questions whenever feasible, accompanied by appropriate instructions and definitions. "The trial court is not required to submit each fact question separately and distinctly." *Alvarez v. Missouri–Kansas–Texas R.R. Co.*, 683 S.W.2d 375, 377 (Tex.1984). In a negligence case, a broad form question is proper if it simply inquires whose negligence, if any, proximately caused the event. *Lemos v. Montez*, 680 S.W.2d 798, 800 (Tex.1984). We find no error.

Point of error one is overruled.

In its second point of error, appellant contends the trial court erred in refusing to submit the following question: "Do you find ... that [Mr. Payne] had actual knowledge that the culvert was at the location in question ...?"

Whether this was error depends on whether this particular dangerous condition was a "premise defect" or a "special defect." Section 101.022 of the Texas Tort Claims Act provides:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets....

■ The duty owed to a licensee is limited to the duty not to injure willfully, wantonly, or through gross negligence. *Weaver v. KFC Management, Inc.*, 750 S.W.2d 24 (Tex.App.—Dallas 1988, writ denied). "An exception to this general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor either to warn the licensee of the dangerous condition or to make the condition reasonably safe." *Id.* at 26. In other words, the licensor has no duty to warn, or to make the condition safe, if the licensee also knows of the dangerous condition. *Id.; Dominguez v. Garcia*, 746 S.W.2d 865, 867 (Tex.App.—San Antonio 1988, writ denied); *see also Payne v. City of Galveston*, 772 S.W.2d 473, 477 (Tex.App.—Houston [14th Dist.] 1989, writ pending). Therefore, if the dangerous condition of the culvert were merely a "premise defect," Payne's claim would be defeated if he knew of the dangerous condition, because appellant would owe him no duty. In that case, it would be error to refuse appellant's special issue.

■ On the other hand, where a "special defect" exists, the extent of the State's duty to warn is the same as the duty owed to an invitee. *County of Harris v. Eaton*, 573 S.W.2d 177, 180 (Tex.1978). The duty owed to an invitee is a duty of ordinary care that a reasonably prudent person would exercise under all the circumstances. *Corbin v. Safeway Stores*, 648 S.W.2d 292, 295 (Tex.1983). In such cases, the plaintiff's knowledge of the danger is relevant only to his contributory negligence, not to the defendant's duty to warn. *Id.* n. 1.; *Parker v. Highland Park*, 565 S.W.2d 512, 521 (Tex.1978).

■ The statutory definition of special defect includes "excavations or obstructions on highways, roads, or streets...." Sec. 101.022. "Special defects" also include "those defects that are of the same kind or class as the ones expressly mentioned." *Eaton*, 573 S.W.2d at 179; *Blankenship v. Galveston*, 775 S.W.2d 439, 442 (Tex.App.—Houston [1st Dist.] 1989 no writ). Thus, we have held that a ditch four feet beyond the end of a street was a

special defect. *City of Houston v. Jean,* 517 S.W.2d 596, 599 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). Another court has held that a concealed arroyo running parallel to a roadway was a special defect. *Chappell v. Dwyer,* 611 S.W.2d 158, 161 (Tex.Civ.App.—El Paso 1981, no writ). Most special defect cases involve the roadway. The present case involves a culvert running beneath a roadway. In light of the statute and case law cited above, we hold, as a matter of law, that the dangerous condition caused by the obscured culvert was a "special defect." Thus, Payne's knowledge of the danger would not automatically defeat his claim.

Because Payne's knowledge of a special defect is relevant only to the issue of his contributory negligence, and the court submitted a contributory negligence question, we hold there was no error in refusing the proposed special issue.

Point of error two is overruled.

The judgment is affirmed.