CLAYTON W. WILLIAMS, JR., INC. and Odis E. Graham, Petitioners,

v.

David & Rosielinda OLIVO, Respondents.

No. 96–0044.

Supreme Court of Texas.

Argued Dec. 18, 1996.

Decided July 9, 1997.

Rehearing Overruled Oct. 2, 1997.

Scott Patrick Stolley, Dallas, Andrew L. Kerr, K. Blake Coffee, San Antonio, Thomas J. Mitchell, III, Austin, John Alex Huddleston, San Antonio, for Petitioners.

Carlos Villarreal, Corpus Christi, Sam C. Fugate, Kingsville, for Respondents.

BAKER, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, CORNYN, ENOCH, OWEN and ABBOTT, Justices, join.

In this case, we consider the liability of a general contractor and its on-site representative for injuries to an independent contractor's employee. The trial court rendered judgment on a jury verdict for the employee, and the court of appeals affirmed in part. 912 S.W.2d 319. Because the employee obtained no findings on the general contractor's or the representative's liability for premises defects, we reverse the court of appeals' judgment and render judgment that the Olivos take nothing.

## I. BACKGROUND

Clayton Williams, Jr., Inc. (Williams) operated an oil and gas lease in LaSalle County. Odis Graham served as Williams' on-site representative. Williams contracted with Diamond M Onshore, Incorporated to drill a well on the lease. Diamond M in turn hired David Olivo to work on a drilling crew as a floor hand. One of Olivo's duties was to roll joints of drill pipe off a pipe rack onto a catwalk, where the pipe was then hoisted up a ramp to the rig floor for connection to drill pipe already in the well. Early one morning, while moving several pipes onto the catwalk, Olivo suddenly slipped as he stepped down off the pipe rack. As he fell to the ground a few feet below, Olivo landed on his back on one of several drill pipe thread protectors that had been left on the ground during the

previous shift.[1] As a result of this injury, Olivo was partially paralyzed.

Olivo and his wife, Rosielinda, sued Williams and Graham for negligence and gross negligence. The Olivos sought both actual and exemplary damages. The trial court rendered judgment on a jury verdict for the Olivos for $2,028,354 in actual damages, plus $21,800 in exemplary damages from Graham and $500,000 in exemplary damages from Williams. Liberty Mutual Insurance Company, Diamond M's workers' compensation carrier that intervened in the case, was awarded its subrogation claim for the compensation payments it previously made to Olivo.

The court of appeals, en banc, reversed the exemplary damages awards because the evidence of gross negligence was insufficient. It affirmed in all other respects and rendered judgment.[2]

## II. DUTY

■■■ At the outset, we must determine what duty, if any, Williams owed to Olivo, the employee of an independent contractor. Williams occupied the leased land and was Diamond M's general contractor. Therefore, the hybrid body of law that lies at the intersection of premises liability and agency law governs this case. *See Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex.1993). An owner or occupier of land generally has a duty to use reasonable care to make and keep the premises safe for business invitees. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985); *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425, 431 (1950). A general contractor in control of the premises is charged with the same duty as an owner or occupier. *Redinger*, 689 S.W.2d at 417. Williams thus has overlapping duties as both the occupier of the land and the general contractor who hired an independent contractor. We must now determine the scope of those duties.

## III. SCOPE OF DUTIES

■■■ A general contractor in control of the premises may be liable for two types of

negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect. *Redinger*, 689 S.W.2d at 417. This is not a negligent-activity case because Olivo alleges that he was injured by thread protectors previously left on the ground, not as a contemporaneous result of someone's negligence. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992)(holding that recovery on a negligent activity theory requires that the plaintiff be harmed by or as a contemporaneous result of the activity itself); *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex.1992)(same). Instead, this is a premises defect case.

There are two types of premises defects for which an independent contractor's employee may seek to hold the general contractor liable. The first category are those defects that exist on the premises when the business invitee entered for business purposes or that are created through some means unrelated to the activity of the injured employee or his employer. *Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 746 (Tex.1973). In this situation, the general contractor has a duty to inspect the premises and warn the invitee of those dangerous conditions of which the general contractor knows or should know. *Lamb*, 493 S.W.2d at 746.

■■■ The second category of premises defects are those defects the independent contractor (or its injured employee) created by its work activity. *Lamb*, 493 S.W.2d at 746–47. When the independent contractor creates the dangerous condition, the general contractor ordinarily has no duty to warn the independent contractor's employees of the premises defect. *Pence Constr. Corp. v. Watson*, 470 S.W.2d 637, 639 (Tex.1971). The rationale for this rule is that a general contractor normally has no duty to ensure that an independent contractor performs its work in a safe manner. *See Exxon Corp. v. Quinn*, 726 S.W.2d 17, 19–20 (Tex.1987);

---

1. A thread protector is a cap that screws onto the end of a drill pipe to protect the threads during transport.

2. Justices Rickhoff and Duncan filed separate dissents. 912 S.W.2d at 335–36.

*Abalos v. Oil Dev. Co. of Texas,* 544 S.W.2d 627, 631–32 (Tex.1976).

However, this Court has long recognized that under some circumstances the general contractor does have a duty to warn an independent contractor's employees of any dangerous conditions arising out of the independent contractor's work. *See Lamb,* 493 S.W.2d at 747–48. In *Redinger,* we defined the scope of that duty by adopting section 414 of the *Restatement (Second) of Torts:*

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

RESTATEMENT (SECOND) OF TORTS § 414 (1965), *quoted in Redinger,* 689 S.W.2d at 418. This duty requires a general contractor to exercise any retained supervisory control "with reasonable care so as to prevent the work which he has ordered to be done from causing injury to others." RESTATEMENT (SECOND) OF TORTS § 414 cmt. a, *quoted in Redinger,* 689 S.W.2d at 418. For the general contractor to be liable for negligence, its supervisory control must relate to the condition or activity that caused the injury. *Tidwell,* 867 S.W.2d at 23; *see also Welch v. McDougal,* 876 S.W.2d 218, 223–24 (Tex. App.—Amarillo 1994, writ denied); *Tirres v. El Paso Sand Prods., Inc.,* 808 S.W.2d 672, 676 (Tex.App.—El Paso 1991, writ denied).

It is typically the general contractor's right of control over the injury-causing activity or condition that gives rise to a duty to ensure that the independent contractor performs its work safely. *Pollard v. Missouri Pac. R.R.,* 759 S.W.2d 670, 671 (Tex.1988); *Tovar v. Amarillo Oil Co.,* 692 S.W.2d 469, 470 (Tex.1985). If there is no contractual right to control, however, the general contractor can be liable if it actually exercised control, contrary to the contract's terms. *Tidwell,* 867 S.W.2d at 21 n. 3.

In *Redinger,* the "right to control" rule subjected the general contractor to liability for the independent contractor's negligent activities on the premises. *Redinger,* 689 S.W.2d at 418. The "right to control" rule also applies to premises defect cases. *Tidwell,* 867 S.W.2d at 21–23. As the *Restatement* explains:

> The rule stated in this Section is usually, though not exclusively, applicable when a principal contractor entrusts a part of the work to subcontractors, but himself or through a foreman superintends the entire job. In such a situation, the principal contractor is subject to liability if he fails to prevent the subcontractors from doing even the details of the work in a way unreasonably dangerous to others, if he knows or by the exercise of reasonable care should know that the subcontractors' work is being so done, and has the opportunity to prevent it by exercising the power of control which he has retained in himself. *So too, he is subject to liability if he knows or should know that the subcontractors have carelessly done their work in such a way as to create a dangerous condition, and fails to exercise reasonable care either to remedy it himself or by the exercise of his control cause the subcontractor to do so.*

RESTATEMENT (SECOND) OF TORTS § 414 cmt. b (emphasis added). When a premises defect arises from the independent contractor's work, then, the general contractor who retains a right to control or exercises control can be liable for negligence in exercising or failing to exercise control over the part of the independent contractor's work that created the dangerous condition. *See Tidwell,* 867 S.W.2d at 23; *Barham v. Turner Constr. Co.,* 803 S.W.2d 731, 735–36 (Tex.App.—Dallas 1990, writ denied).

## IV. PREMISES DEFECT— THE JURY CHARGE

The court of appeals correctly recognized that this case fits in the second category we have discussed and involves a premises defect that the independent contractor allegedly created rather than a negligent activity. However, the court of appeals erred in holding that the Olivos could recover from Williams for negligent control without

establishing the premises defect elements. To recover against a general contractor for a premises defect, the injured plaintiff must establish both the general contractor's right to control the defect-producing work and a breach of that duty according to the traditional premises defect elements. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983) (setting forth traditional elements of premises liability claim); RESTATEMENT (SECOND) OF TORTS § 414 cmt. b (incorporating premises liability elements into right-to-control liability). The plaintiff may submit this cause of action to the jury through a question about the general contractor's right to control the defect-producing work, to establish a duty, and a broad-form negligence question. However, instructions that incorporate the *Corbin* premises defect elements must accompany the questions. *See Tidwell*, 867 S.W.2d at 23; *Keetch*, 845 S.W.2d at 266–67; *Barham*, 803 S.W.2d at 736–37. Because premises defect cases and negligent activity cases are based on independent theories of recovery, a simple negligence question, unaccompanied by the *Corbin* elements as instructions or definitions, cannot support a recovery in a premises defect case. See *Keetch*, 845 S.W.2d at 266–67; *Warner*, 845 S.W.2d at 259–60. Because premises defect cases and negligent activity cases are based on independent theories of recovery, a simple negligence question, unaccompanied by the *Corbin* elements as instructions or definitions, cannot support a recovery in a premises defect case. See *Keetch*, 845 S.W.2d at 266–67; *Warner*, 845 S.W.2d at 259–60.

Here, the Olivos did not request that the trial court submit a control question, the premises defect elements, or a negligence question against Williams. Therefore, there are no jury findings against Williams on any of these issues. Instead, the trial court submitted a single simple negligence question about Graham's alleged negligence. Under the trial court's charge the jury found that Graham was Williams' employee and that Graham was negligent and proximately caused Olivo's injuries.

Initially, the Olivos requested a question asking whether Graham was negligent in failing to provide Olivo a safe place to work.

Their proposed question defined negligence according to the *Corbin* factors. However, the trial court did not rule on the Olivos' request nor did it submit their proposed question. Thus, the trial court's charge omitted essential elements of a premises defects claim. On appeal, the Olivos do not complain, even conditionally, that the trial court should have submitted their proposed question that included the *Corbin* elements. Instead, they assert that *Corbin* and *Keetch* do not apply here. We disagree. We have explicitly required that the trial court submit the *Corbin* elements in a premises defect case. *Keetch*, 845 S.W.2d at 266–67; *Warner*, 845 S.W.2d at 259–60; *Hernandez v. Kroger Co.*, 711 S.W.2d 3, 4–5 (Tex.1986).

■ Alternatively, the Olivos contend that the *Corbin* elements should be deemed found to support the trial court's judgment. The premises defect elements cannot be deemed found against Graham. The simple negligence question submitted to the jury relates only to the theory that Graham was liable for control over any negligent activities. *Keetch*, 845 S.W.2d at 264. However, as we have explained, this is not a negligent activity case. It is a premises defect case. The missing *Corbin* premises defect elements about knowledge and risk of harm are not necessarily referable to the negligent activity question submitted to the jury. *See Stanley Stores, Inc. v. Veazey*, 838 S.W.2d 884, 886 (Tex.App.—Beaumont 1992, writ denied); *Physicians & Surgeons Gen. Hosp. v. Koblizek*, 752 S.W.2d 657, 659–60 (Tex.App.—Corpus Christi 1988, writ denied); TEX.R. CIV. P. 279. Because the Olivos did not obtain a jury finding that included essential elements of their premises defect claim, they cannot recover against Graham. TEX.R. CIV. P. 279.

■ Because the Olivos did not secure a jury finding about Williams' negligence but did obtain a finding that Graham was Williams' employee, their only liability theory against Williams was respondeat superior for Graham's negligence. We need not decide whether, under these facts, Graham could incur individual liability. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex.1996) (corporate agent can assume individual liability for breach of duty to provide safe work-

place if agent owes independent duty of care); *Werner v. Colwell,* 909 S.W.2d 866, 868 (Tex.1995)(same). Because the Olivos did not obtain findings to support premises defect liability against Graham, however, they have not established respondeat superior liability against Williams through Graham.

## V. CONCLUSION

■■■■ The court of appeals erred in holding that Clayton Williams, Inc., and Odis Graham could be liable for David Olivo's injuries without regard to whether the injuries arose from a negligent activity or a premises defect. Because the Olivos did not secure proper jury findings on their only viable cause of action, premises defect, they waived that claim and are not entitled to any relief from Williams or Graham. Accordingly, we reverse that part of the court of appeals' judgment affirming actual damages and render judgment that the Olivos take nothing.

SPECTOR, Justice, concurring and dissenting.

I join in Parts I through IV of the Court's opinion. I cannot, however, join in Part V of the opinion, in which the Court renders judgment for Clayton Williams, Inc., and Odis Graham.

Today the Court clarifies that a general contractor's right to control or actual control over an independent contractor creates a duty that can be breached through *either* a negligent activity or a premises defect. Neither the parties nor the lower courts that have examined this case have successfully grasped these two distinct ways that a general contractor may be liable for injuries. All previous cases, including those from this Court, have involved a general contractor's control over the independent contractor's activity that itself causes an injury. Never before has a reported case properly explained that a general contractor can be liable for negligence in exercising control over the independent contractor's activity that creates a premises defect. Because the Court explains today for the first time that the premises elements must be submitted to the jury along with a negligent-control question in this type of case, I would vacate the judgments of the trial court and the court of appeals and, in the interest of justice, remand this case for a new trial. TEX.R.APP. P. 180; *see American Title Ins. Co. v. Byrd,* 384 S.W.2d 683 (Tex.1964). Accordingly, I dissent to the Court's judgment.