**Reversed and Rendered in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed June 14, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00905-CV

---

### DIAMOND OFFSHORE DRILLING, INC. AND DIAMOND RIG INVESTMENTS LTD, Appellants

### V.

### WILLIAM BLACK, Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2015-74728**

---

## CONCURRING OPINION

In their first issue, appellants contend that the jury's answer to question one cannot support a judgment in Black's favor because that question presented a Jones Act claim, and Black may not recover under the Jones Act. The court overrules the issue because it concludes question one submitted an ordinary negligence claim, not a Jones Act claim. I agree with the court's disposition of appellants' issue but

write separately to explain how my reasoning differs from my colleagues in the majority.

Question one asked:

QUESTION NO. 1

Did the negligence, if any of those named below cause, in whole or in part, the occurrence in question?

Answer "Yes" or "No" for each of the following:

Diamond Offshore Drilling, Inc.                    Yes

Diamond Rig Investments Limited                 Yes

William Black                                              Yes

In essence, the issue is whether question one submitted an ordinary negligence theory or a Jones Act theory when the question combined, and omitted, elements of both. Appellants say that question one presented a Jones Act theory because it referenced the Jones Act's "featherweight" causation standard as opposed to the proximate cause standard required under Texas negligence law. *See Noble Drilling (US) Inc. v. Fountain*, 238 S.W.3d 432, 439-40 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Cepeda v. Orion Marine Constr., Inc.*, 499 S.W.3d 579, 583-84 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (comparing causation standards under negligence and Jones Act claims). Although the charge defined the term "proximate cause," appellants observe that the jury was not asked to apply that definition in question one or elsewhere. Black, on the other hand, argues that question one submitted an ordinary negligence claim, notwithstanding its lack of explicit reference to "proximate cause." The parties' arguments require us to interpret the charge.

The Supreme Court of Texas has recently applied jury charge interpretation principles in examining competing constructions of a charge. *Mem'l Hermann Hosp. Sys. v. Gomez*, ___ S.W.3d ___, 2022 WL 1194374 (Tex. 2022). In determining whether a charge interpretation is reasonable, we view the charge as a whole and interpret it "in the light of its entire content, of the issues between the parties, and of the evidence relevant thereto." *Id.* at *6. Jury charges are given their commonsense interpretation, gleaned from both the text of the charge and the context of the case. *Id.*; *see L&S Meats, LLC v. USA Feedyard, LP*, No. 07-18-00030-CV, 2020 WL 371726, at *3 (Tex. App.—Amarillo Jan. 22, 2020, pet. denied) (mem. op.) ("The relevant viewpoint [in interpreting a jury charge] is that of a juror untrained in the law who is exercising common sense. . . . To that we add the duty to interpret them . . . in the context of the whole situation before the jury.") (citations omitted); *Nip v. Checkpoint Sys., Inc.*, 154 S.W.3d 767, 772 n.3 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("We are to read jury instructions like jurors do—with common sense.") (collecting cases). Additionally, jury questions are afforded a reasonable, as opposed to technical, construction. *L&S Meats*, 2020 WL 371726, at *3. We interpret charges as of the time they were prepared and in the context of the whole situation before the jury. *Id.*; *see Broughton v. Humble Oil & Ref. Co.*, 105 S.W.2d 480, 485-86 (Tex. App.—El Paso 1937, writ ref'd). The situation before the jury includes the nature of the dispute, the claims between the parties, and relevant evidence. *L&S Meats*, 2020 WL 371726, at *3. We must refer to these principles in resolving appellants' initial argument that question one submitted a Jones Act claim, an improper theory of recovery. *See id.* (applying charge interpretation principles to evaluate whether charge submitted a proper theory of recovery).

I agree with the court that the charge contained no definitions or instructions pertaining to a Jones Act claim. Question one itself included only one element of a Jones Act claim: the causation standard. On the other hand, the charge included all definitions and language applicable to an ordinary negligence claim under Texas state law, with the exception of the proximate cause element in question one.[1] Thus, viewing the charge as a whole, it contained *all* features of an ordinary negligence claim, except one; and it contained *no* features of a Jones Act claim, except one. At the time of submission, moreover, the nature of the claims between the parties did not include a Jones Act claim because the court previously directed a verdict in appellants' favor on that claim. Thus, the "whole situation before the jury," the evidence, and the status of the claims lead me to conclude that question one is reasonably construed as presenting an ordinary negligence theory and that it is not reasonably construed as presenting a Jones Act theory. Because appellants' first issue turns on the proposition that question one submitted a Jones Act claim, the court correctly overrules it.[2]

---

[1] According to the majority, each of the required negligence elements was "substantially submitted" in question one. I respectfully disagree. Question one makes no reference to proximate cause and did not allow the jury to take it into account. *See Diamond Offshore Mgmt. Co. v. Guidry*, 171 S.W.3d 840, 844 (Tex. 2005). The proximate cause element was clearly omitted from question one.

[2] Although I agree with the court's result on this issue, I disagree with aspects of its reasoning. As mentioned, I do not agree with the majority that question one submitted the proximate cause element; it did not. Additionally, the majority states that, because appellants did not object to question one's defective wording, they have waived their complaint on appeal. This assertion is incorrect and misapprehends appellants' complaint. I agree that question one submitted an ordinary negligence claim, and the question was defective because it omitted an essential element. As the record stands, we must consider that omitted element deemed found in a manner to support the judgment. *See* Tex. R. Civ. P. 279. If appellants were arguing on appeal that the trial court erred in using the Jones Act causation standard in question one instead of a proximate cause standard, then I would agree such a complaint would be waived due to the lack of objection. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 481 (Tex. 2017) (a defendant must preserve error by objecting when an independent theory of recovery is submitted defectively, including when an element of that theory is omitted). But appellants do not

I caution that the court's decision should not be interpreted as suggesting that an ordinary negligence theory is a proper theory of recovery under the facts presented, assuming Texas state law applies. The allegations and evidence would potentially support recovery only under a premises liability theory because Black suffered injury caused by an unreasonably dangerous condition on the rig. *See generally Williams v. Olivo*, 952 S.W.2d 523 (Tex. 1997) (holding that in cases founded on premise defects, findings of simple negligence would not establish liability and that the factors set forth in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983) must be submitted). This case was not presented to the jury under the premises liability elements, and this appeal is governed by the charge as submitted. *See Vast Constr., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 719 (Tex. App.—Houston [14th Dist.] 2017, no pet.).[3]

I concur in the court's judgment.

/s/     Kevin Jewell
        Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan (Hassan, J., majority).

---

challenge the omission of proximate cause from the negligence question; rather, they argue that the omission of proximate cause means that the question was not a negligence question at all. I reject that argument for the reasons I have stated, but I cannot agree that waiver has any bearing on the matter.

[3] Appellants suggest additionally that any recovery under Texas state law—regardless the theory—is unavailable to Black for the same reasons the Jones Act is unavailable. This argument invokes the federal preemption doctrine. *See generally Stier v. Reading & Bates Corp.*, 992 S.W.2d 423 (Tex. 1999). No federal preemption issue was presented in the trial court, so the court properly does not address the question.