WAL–MART STORES, INC., Appellant,

v.

Isidro RENTERIA, as next friend of
Gustavo RENTERIA, Appellee.

No. 04–00–00210–CV.

Court of Appeals of Texas,
San Antonio.

June 6, 2001.

Rehearing Overruled June 21, 2001.

Kevin D. Jewell, Steven J. Knight, Magenheim Bateman & Helfand, P.L.L.C., Houston, Robert J. Perez, Shelton & Valadez, P.C., San Antonio, for Appellant.

Jeanne O. Chastain, Chris McJunkin, Corpus Christi, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE and PAUL W. GREEN, Justices.

Opinion by: PHIL HARDBERGER, Chief Justice.

Isidro Renteria, as next friend of Gustavo Renteria, sued Wal–Mart Stores, Inc. ("Wal–Mart") and Paul Sanchez for damages Gustavo sustained while attempting to light a corn roaster located on Wal–Mart's premises. Wal–Mart appeals the judgment rendered in favor of Gustavo based on a jury verdict. Wal–Mart presents two issues in its brief, claiming (1) Gustavo failed to obtain a required finding on the issue of control; and (2) the evidence is legally and factually insufficient to support the jury's verdict. We reverse the trial court's judgment and render judgment in favor of Wal–Mart.

### Background

Paul Sanchez received permission from Al Serrano, Wal–Mart's store manager, to set up his corn roaster on the sidewalk outside a Wal–Mart store. Sanchez employed Gustavo, who was fifteen years old, to assist him in preparing and selling the corn.

In November of 1993, Gustavo was burned on his face and forearms as he attempted to light the corn roaster's pilot light which was fueled by propane gas. The wind would cause the pilot light to go out several times a day. Sanchez testified that he instructed Gustavo not to light the pilot light, but Gustavo testified that Sanchez instructed him to turn the roaster back on if the pilot light went out. Gustavo testified that he relit the pilot light on several occasions without incident. Sanchez testified that two vents needed to be opened in order to prevent an explosion of fire when the pilot light was lit. Sanchez stated that Gustavo failed to open one of the vents on the day he was injured, which led to the explosion of fire that burned him. Sanchez was not present when Gustavo was burned because he volunteered to pose as Santa Claus for Wal–Mart and was inside the store changing into the costume.

The case was tried to a jury. The jury found that Sanchez was 60% negligent, Wal–Mart was 30% negligent, and Gustavo was 10% negligent. In finding Wal–Mart negligent, the jury was instructed:

With respect to the condition of the premises, Wal–Mart Stores, Inc. was negligent if—

a. the condition posed an unreasonable risk of harm, and

b. Wal–Mart Stores, Inc. knew or reasonably should have known of the danger, and

c. Wal–Mart Stores, Inc. failed to exercise ordinary care to protect Gustavo Renteria from the danger, by both failing to adequately warn, Gustavo Renteria of the condition and failing to make that condition reasonably safe.

The jury charge did not contain a question regarding Wal–Mart's right to control Sanchez or Gustavo. The jury awarded Gustavo $25,000 for physical pain and mental anguish and $6,000 for medical expenses. The trial court rendered judgment based on the jury's verdict.

### Discussion

Wal–Mart contends that Gustavo failed to secure a finding on the issue of Wal–

Mart's control. Gustavo responds that Wal–Mart failed to preserve the jury charge issue for appellate review.

Gustavo was seeking to recover for a dangerous condition he created by his work activity. Because Sanchez and Gustavo were independent contractors, Wal–Mart only had a duty to exercise any retained supervisory control with reasonable care. *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 528 (Tex.1997). In order to recover, Gustavo was required to establish both Wal–Mart's right to control the defect-producing work and a breach of that duty according to the traditional premises defect elements. *Olivo,* 952 S.W.2d at 529.

■ Neither Wal–Mart nor Gustavo objected to the trial court's failure to submit an issue on control in the charge to the jury. Since no objection was made, any omitted element of Gustavo's ground of recovery can be deemed found if: (1) at least one element of Gustavo's cause of action was submitted to the jury and is "necessarily referable" to that cause of action; and (2) the omitted finding is supported by some evidence. TEX.R.CIV.P. 279; *Ramos v. Frito–Lay, Inc.* 784 S.W.2d 667, 668 (Tex.1990). The "necessarily referable" requirement is designed to give parties fair notice of, and an opportunity to object to, a partial submission. *Superior Trucks, Inc. v. Allen,* 664 S.W.2d 136, 144 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). "Once a party is on notice of the independent ground of recovery or defense due to the existence of an issue 'necessarily referable' thereto, if that party fails to object or request submission of the missing issues, he cannot be heard to complain on appeal, as he is said to have consented to the court's findings on the missing issues." *Id.*

■ The jury charge in this case contained all of the traditional premises defect elements. These elements were necessarily referable to Gustavo's premises defect claim, and Wal–Mart was on notice of Gustavo's ground of recovery. Wal–Mart contends that control cannot be deemed found because the issue of control is not "necessarily referable" to the issue of breach. However, rule 279 does not require that the submitted element and the omitted element be "necessarily referable" to each other. Rule 279 only requires that the submitted element or elements be "necessarily referable" to the cause of action. Therefore, a deemed finding can be made as to the control element of Gustavo's premises defect claim if there is some evidence to support a finding of right to control.

■ In determining whether Wal–Mart retained a sufficient right to control, "the standard is narrow." *Coastal Marine Service of Texas, Inc. v. Lawrence,* 988 S.W.2d 223, 226 (Tex.1999). "The right to control must be more than a general right to order work to stop and start, or to inspect progress." *Id.* "The supervisory control must relate to the activity that actually caused the injury, and grant the owner at least the power to direct the order in which work is to be done or the power to forbid it being done in an unsafe manner." *Id.*

Gustavo testified that Serrano told Sanchez where to place the corn roaster. Serrano also told Sanchez and Gustavo to place shopping carts around the corn roaster to prevent anyone from getting burned. Serrano further instructed Sanchez to keep the area clean at all times. Serrano and other Wal–Mart managers would routinely check on Sanchez and Gustavo several times a day, and Serrano would tell Gustavo to pick up debris if it was laying around.

Arguably, this evidence supported a finding that Wal–Mart had the power to forbid Sanchez from performing the corn roaster operation in an unsafe manner and that Wal–Mart exercised that power when it required the placement of the shopping carts around the corn roaster. However, there is no evidence that Wal–Mart exercised any control over the lighting of the corn roaster—which is the activity that actually caused Gustavo's injury. Therefore, there is no evidence to support a deemed finding regarding right of control under the applicable narrow standard.

### CONCLUSION

The evidence is legally insufficient to support a deemed finding that Wal–Mart had a right to control Sanchez or Gustavo. The trial court's judgment is reversed, and judgment is rendered in favor of Wal–Mart.