

CHIEF JUSTICE
JAMES T. WORTHEN

CLERK
CATHY S. LUSK

# TWELFTH COURT OF APPEALS

JUSTICES
SAM GRIFFITH
DIANE DeVASTO

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Wednesday, July 20, 2005

Mr. T. Stefan Allen
203 South Street
Nacogdoches, TX 75961

Mr. Jeffrey M. Lust
Plaza Of The Americas S Tower
600 N. Pearl
Suite 1450, LB 156
Dallas, TX 75201

Mr. Randy L. Fairless
1456 First Colony Blvd.
Sugar Land, TX 77479

Mr. Robert T. Cain Jr.
Zeleskey, Cornelius, Hallmark, Roper & Hicks, LLP
P. O. Drawer 1728
1616 S. Chestnut
Lufkin, TX 75902-1728

**RE:** Case Number: 12-04-00001-CV
Trial Court Case Number: C17,142-2001

**Style:** Joe Collins
v.
J.E. Kingham Construction, et al

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Katrina McClenny, Chief Deputy Clerk

CC: Hon. Campbell Cox II
Hon. John Ovard
Ms. Donna Phillips

1517 WEST FRONT STREET • SUITE 354 • TYLER, TX 75702 • TEL: 903-593-8471 • FAX: 903-593-2193
Serving Anderson, Cherokee, Gregg, Henderson, Hopkins, Houston, Kaufman, Nacogdoches, Panola, Rains, Rusk, Sabine, San Augustine, Shelby, Smith Upshur, Van Zandt and Wood Counties
www.12thcoa.courts.state.tx.us

# NO. 12-04-00001-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOE COLLINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *J.E. KINGHAM CONSTRUCTION, ET AL,*<br>*APPELLEES* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Joe Collins appeals the jury verdict entered in favor of Appellees J.E. Kingham Construction ("Kingham"), Ltd., Eastex Steel Erectors, Inc. d/b/a Eastex Steel Erectors ("Eastex"), and Tommy Searcy, Individually, d/b/a Tommy's Welding Service, and d/b/a TWS Construction Services ("Searcy"). Collins raises three issues on appeal. We affirm.

## BACKGROUND

Kingham was the general contractor on the Berry Direct construction project in Nacogdoches, Texas. Kingham subcontracted the steel work to Eastex, which, in turn, subcontracted a portion of that work to Searcy. Kingham hired Collins as an electrical subcontractor. Collins was laying electrical conduit in the northeast corner of the job site when two unsecured steel girders[1] fell over onto Collins and injured him.

Collins filed suit against Kingham, Eastex, and Searcy seeking damages for premises

---

[1] As in the instant case, steel is ordinarily stacked vertically on its end because it can be damaged if it is laid flat.

liability, negligent failure to control, and simple negligence. In the court's charge, the first question read as follows:

## Question No. 1

Did those named below have a right to control the injury-causing activity and/or the defect-producing work on the premises?

"Right to control requires that those named below exercised or retained some control over the manner in which the injury-causing activity and/or the defect-producing work was performed, other than the general right to order the work to start or stop or to inspect progress or receive reports.

Answer "Yes" or "no" for each of the following:

a.  ***J.E. Kingham Construction Company, Ltd.***            _____

b.  ***Eastex Steel Erectors, Inc.***            _____

The jury answered "no" with respect to both Kingham and Eastex. The remaining charge questions were conditioned, either directly or indirectly, upon the jury's answer to Question 1. Collins subsequently filed a motion for new trial, which the trial court denied. This appeal followed.

## HEARSAY

In his first issue, Collins argues that the trial court improperly admitted hearsay testimony over his timely objection. The pertinent testimony[2] and Collins's objection are contained in the following excerpt:

Q       You just answered a question, and you said that you heard from one of the electricians that these thing[s] happened this way and that way. I really didn't understand that answer.

A       Well, it's simple of it. I draw near to that person because he was a Hispanic person, and I've asked him what happened, and the ambulance have already been there and everything.

Q       Okay. But my question is, first of all, you were able to communicate with this other fellow because he spoke Spanish like you do?

---

[2] The testimony in question was given by Cesario Flores at his deposition. The transcript of Flores's deposition was read in the presence of the jury.

A    Yes.

Q    And because you were working on a job site where someone else got injured, you were probably curious about why that person got injured; would that be correct?

A    Yes.

Q    And so did you walk up to the Spanish speaking fellow and say, what happened to your co-worker, what happened to your friend, how did he get hurt?

A    Yes, that basically was what I've asked him.

Q    Okay. And what – I didn't understand, and I apologize to you for what I don't understand. Is that – was this response back to you about how or why the accident happened?

A    What –

[COLLINS'S ATTORNEY]:  Objection, hearsay.

THE COURT:  Any response, . . .

[KINGHAM'S ATTORNEY]:  Your Honor, it's res gestae.  This happened just after the event.

[EASTEX'S ATTORNEY]:  It's a present sense impression also, Judge, and it goes to the –

[COLLINS'S ATTORNEY]:  Judge, can we – we don't have the objections out in the open.  It's hearsay.  And if we need to approach and discuss why it's hearsay –

[KINGHAM'S ATTORNEY]:  I don't know why we need to approach.

THE COURT:  Yeah, y'all approach for a second.

(At the bench, off the record)

THE COURT:  Overruled.

[KINGHAM'S ATTORNEY]:  I'll re-read the question.

Q    ... what was his response back to you about how or why the accident happened?

A    What he answered to me, it was that there were two people walking and one was in front and one was behind, the one in front walked through, and the one behind stumbled on the steel and he fell.

Q    And did this Spanish speaking fellow tell you that he saw what happened?

A    Yes, because he was –

[COLLINS'S ATTORNEY]:  Judge – Hold on.  I don't think we had a ruling to the objection

3

on the record. So, I want to make sure the record's clear that I previously objected to it as hearsay, and then you overruled the objection.

....

THE COURT: Okay. I did overrule it. Thank you.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by statute or other rules. *See* TEX. R. EVID. 802. However, even if we assume that the above-referenced testimony was hearsay not subject to an exception, any error in admitting such testimony must be harmful to result in a reversal.

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error either (1) probably caused the rendition of an improper judgment or (2) probably prevented the appellant from properly presenting the case to the court of appeals. *See* TEX. R. APP. P. 44.1(a). We review the entire record to determine whether the ruling amounted to reversible error. *See Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 480 (Tex. 2001). Reversible error does not usually occur in connection with an evidentiary ruling unless the whole case turns on the evidence admitted or excluded. *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995).

In the case at hand, the only issue addressed by the jury was whether Kingham and/or Eastex had a right to control the injury-causing activity and/or the defect-producing work on the premises. As Collins notes in his brief, Flores's testimony that he was told that Collins stumbled on the steel and he fell "has no bearing on the issue of Kingham's right of control." Yet, Collins argues that it is plausible that if the jury believed that Collins tripped over the steel, then the jury would believe that Kingham should not be responsible for Collins's own negligence. However, Collins's argument fails to address the fact that the jury's finding addressed only the issue of Kingham and/or Eastex's control over the injury-causing activity and/or the defect-producing work on the premises, not proportionality of responsibility. *See Plainview Motels, Inc. v. Reynolds,* 127 S.W.3d 21, 35 (Tex. App.–Tyler 2003, pet. denied) (In our analysis of the distinction between premises liability and negligent activity, we do not focus on the activities of the plaintiff, which relate to the issue of contributory negligence, but rather on the activities of the defendant.); RESTATEMENT (SECOND) OF

4

TORTS § 341 (1965). We conclude that Flores's testimony had no bearing on the jury's finding that neither Kingham nor Eastex had a right to control the injury-causing activity and/or the defect-producing work on the premises. Therefore, we hold that even if the trial court did erroneously admit the aforementioned portion of Flores's testimony to which Collins objected, such error was harmless. Collins's first issue is overruled.

## FACTUAL SUFFICIENCY

In his second issue, Collins argues that the evidence was factually insufficient to support the jury's finding that Kingham did not have a right to control or actually control the injury-causing activity and/or the defect-producing work on the premises. When evaluating a factual sufficiency challenge, we will consider and weigh all of the evidence in the case, both evidence supporting the verdict and evidence that tends to contradict the facts upon which the jury based its verdict. *See In re King's Estate*, 244 S.W.2d 660, 661 (Tex. 1951). We may not substitute our conclusions for those found by the jury and will reverse only if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.*

### Materiality of Question 1

Premises defect cases and negligent activity cases are based on independent theories of recovery. *Clayton Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 529 (Tex. 1997). Recovery on a negligent activity theory requires that the person be injured by or as a contemporaneous result of an activity, rather than by a condition created by the activity. *Timberwalk Apts. v. Cain,* 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992). If the injury was caused by a condition created by the activity rather than the activity itself, the plaintiff is limited to a premises liability theory of recovery. *See Keetch,* 845 S.W.2d at 264.

In his brief, Collins states, "[I]t is clear from the evidence that the conduct about which [Collins] complained and which resulted in his injuries related to the condition and location of the two steel girders which fell on Collins on the date of the accident." Collins continues, "Other than the testimony of Cesario Flores about which Plaintiff raised a valid objection, there is no evidence that any activities by anyone 'caused' the steel to fall on Plaintiff Collins." Moreover, in a footnote, Collins states, that it is his contention that this is a premises defect case and not a negligent activity

5

case[3] and that the evidence establishes that Kingham exercised actual control over where and when Collins was working and had actual knowledge of the type of work he was doing that day. In sum, Collins concedes that the evidence supports a premises liability finding, but not a finding related to negligent activity. *Id.*

A premises liability defendant may be held liable for a dangerous condition on the property if it assumed control over and responsibility for the premises. *See County of Cameron v. Brown,* 80 S.W.3d 549, 556 (Tex. 2002). The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger. *Id.*

In the case at hand, Collins has conceded that the evidence does not support a finding related to negligent activity. The only other theory under which Collins sought to hold Kingham liable was premises liability. However, Question 1 did not permit the jury to find whether Kingham assumed control over and responsibility for the premises. *See id.* Rather, Question 1 concerned whether Kingham had a right to control the *injury-causing activity* and/or the *defect-producing work* on the premises. As Question 1 did not address the element of ownership or possession by virtue of control over the premises, the jury's finding on Question 1 is immaterial with respect to the issue of premises liability. Collins's second issue is overruled.

## CHARGE INSTRUCTION

In his third issue, Collins argues that the trial court erred by refusing to submit the following instruction with Question 1 of the court's charge:

> A written contract expressly excluding any right of control over the details of the work is not conclusive if it was a subterfuge from the beginning or was persistently ignored or was modified by subsequent express or implied agreement of the parties; otherwise such a written contract is conclusive.

In his brief, Collins argues that the only evidence on which the jury could have reasonably relied in answering "no" to Question No. 1 with respect to Kingham was the actual contract between

---

[3] Collins notes that there is evidence of activities on his behalf that could have resulted in the accident. However, as we have noted above, the actions of the defendant, not the plaintiff, form the basis for a negligent activity claim. *See Reynolds,* 127 S.W.3d at 35.

Kingham and Eastex. As set forth above, Collins has conceded that the evidence supports a premises liability finding, but not a finding related to negligent activity. Yet even assuming *arguendo* that the trial court's refusal to submit the aforementioned instruction was erroneous, such refusal was not harmful.

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error either (1) probably caused the rendition of an improper judgment or (2) probably prevented the appellant from properly presenting the case to the court of appeals. *See* TEX. R. APP. P. 44.1(a). We review the entire record to determine whether the instruction amounted to reversible error. *See Toennies,* 47 S.W.3d at 480.

Here, as set forth above, Question 1 is immaterial with respect to the issue of premises liability. Therefore, we hold that even if the trial court erred in refusing to submit the requested instruction, such refusal was harmless with regard to the issue of premises liability. Collins's third issue is overruled.

### DISPOSITION

Having overruled Collins's issues one, two, and three, we *affirm* the trial court's judgment.

DIANE DEVASTO
Justice

Opinion delivered July 20, 2005.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)

7



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2005**

## NO. 12-04-00001-CV

**JOE COLLINS,**
Appellant

V.

**J.E. KINGHAM CONSTRUCTION, ET AL,**
Appellees

---

Appeal from the 145th Judicial District Court
of Nacogdoches County, Texas. (Tr.Ct.No. C17,142-2001)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **JOE COLLINS**, for which execution may issue, and that this decision be certified to the court below for observance.

Diane DeVasto, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*